UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON GENE MARTINEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BRIAN DUFFY, Warden,<br><br>　　　　Respondent.<br>_____/ | No. C-13-5014 EMC (pr)<br><br>**ORDER OF DISMISSAL** |

## I.　INTRODUCTION

In this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Brandon Gene Martinez contends that his 25-years-to-life sentence is impermissible under recent Supreme Court interpretations of the Eighth Amendment as applied to juvenile offenders. As it is abundantly clear that Mr. Martinez is not entitled to habeas relief, the Court will dismiss the petition on the merits, without first requiring the parties to address the delay in the petition attacking a sentence imposed more than 16 years ago.

## II.　BACKGROUND

The petition provides the following information: Mr. Martinez was convicted in Santa Clara County Superior Court of first degree murder, and was sentenced on October 23, 1997 to 25 years to life in prison. Neither the petition nor attachments describe the facts of the crime, although Mr. Martinez states that he was tried "as an aider and abettor" and was acquitted of the charge of participation in a criminal street gang. *See* Docket # 1 at 2. An order attached to the petition states that Mr. Martinez was 17 years old when he committed the murder. *See id.* at 33. Mr. Martinez is now 37 years old, and has been incarcerated since he was 18 years old. *See id.* at 13.

Mr. Martinez appealed his conviction. The California Court of Appeal affirmed the conviction and the California Supreme Court denied his petition for review in 2000. *See id.* at 3. He also filed several habeas petitions in state court, including several unsuccessful petitions in 2013 to challenge the length of his sentence and to seek resentencing.

### III.  DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Mr. Martinez contends that his sentence is impermissible under the Eighth Amendment, as that provision has been applied to juvenile offenders in two relatively recent Supreme Court cases. The problem for Mr. Martinez is that his facts are so readily distinguishable from both those cases that they offer no support for his Eighth Amendment challenge.

In *Graham v. Florida*, 560 U.S. 48, 82 (2010), the Court held that the "Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." In *Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2012), the Court held that "mandatory life without parole [sentences] for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Neither of these holdings apply to Mr. Martinez. *Graham* is inapplicable because Mr. Martinez was convicted of a homicide crime and because he was not sentenced to life without the possibility of parole. *Miller* does not apply because Mr. Martinez was not sentenced to life without parole, let alone under a *mandatory* sentencing scheme of life without parole.[1] A third case from the Supreme Court dealing with

---

[1] Even if *Miller* was on point, it is not clear whether it would apply retroactively on collateral review. *See Bell v. Uribe*, No. 11-56768, slip op. at 26 n.6 (9th Cir. Jan. 21, 2014) (leaving issue unresolved).

juvenile offenders, *Roper v. Simmons*, 543 U.S. 551 (2005), abolished the death penalty for juveniles, and also is inapposite to Mr. Martinez's 25-to-life sentence.

If Mr. Martinez was 17 when he committed the crime, he will be eligible for release on parole when he is approximately 41 years old (assuming he must serve a full 25 years before parole eligibility); if he was younger when he committed the crime, he will be eligible for release on parole when he is younger than 41 years old. *Miller* and *Graham* simply do not bar a sentence for a juvenile offender under which he will be eligible for parole when he is at most in his early 40s. *Cf. Moore v. Biter*, 725 F.3d 1184, 1191-94 (9th Cir. 2013) (reversing denial of habeas petition because state court's determination that Eighth Amendment permitted sentence of 254 years for juvenile offender was contrary to *Graham*); *id.* at 1194 (254-year sentence "guarantees that [petitioner] will die in prison," and is "irreconcilable with *Graham's* mandate that a juvenile nonhomicide offender must be provided 'some meaningful opportunity' to reenter society'"). Most recently, the Ninth Circuit in *Bell v. Uribe*, No. 11-56768, slip op. at 26-28 (9th Cir. Jan. 21, 2014), held that a sentence of life without parole for a murder with special circumstances did not offend *Miller* because sentence was not imposed pursuant to a mandatory sentencing scheme and instead was made after an individualized assessment of the juvenile offender and her offense.

Here, the state court rejected Mr. Martinez's challenge to his sentence after finding that the holdings of *Miller* and *Graham* did not apply because he was not sentenced to life-without-parole. *See* Docket # 1 at 33. That decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Indeed, it is consistent with the Ninth Circuit's decision in *Bell v. Uribe*. Mr. Martinez is not entitled to the writ of habeas corpus. *See* 28 U.S.C. § 2254(d)(1).

Mr. Martinez's claim rests on the principle that juvenile offenders be allowed more favorable treatment under the circumstances described in *Graham* (i.e., life-without-parole for a non-homicide offense) and *Miller* (i.e., mandatory life-without-parole); but this claim fails for the reasons explained in the preceding two paragraphs. If his claim is analyzed under general Eighth Amendment jurisprudence – as though he was an adult at the time of the crime – he fares no better because the Eighth Amendment does not prohibit a life sentence for a person convicted of murder. "The Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric

punishments under all circumstances." *Graham*, 560 U.S. at 59. "For the most part, however, the [Supreme] Court's precedents consider punishments challenged not as inherently barbaric but as disproportionate to the crime." *Id.* The Eighth Amendment contains a "narrow" proportionality principle – one that "does not require strict proportionality between crime and sentence," and forbids only "extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 59-60. "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289-90 (1983); *see also Crosby v. Schwartz*, 678 F.3d 784, 795 (9th Cir. 2012) ("Circumstances satisfying the gross disproportionality principle are rare and extreme, and constitutional violations on that ground are 'only for the extraordinary case'"). Only in that rare case where a comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality does the court compare a petitioner's sentence with sentences for other offenders in the jurisdiction and for the same crime in other jurisdictions to determine whether it is cruel and unusual punishment. *Graham*, 560 U.S. at 60. A sentence of life in prison (or 25-years-to-life) for a murder does not lead to an inference of gross disproportionality and therefore does not amount to cruel and unusual punishment forbidden by the Eighth Amendment. *See United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir.1991) ("Under *Harmelin*, it is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment"); *cf. Solem*, 463 U.S. at 290 n.15 (discussing earlier case in which it had found the death penalty to be excessive for felony murder in the circumstances of a particular case; "clearly no sentence of imprisonment would be disproportionate" for the felony murder of an elderly couple).[2] Petitioner's sentence of 25-years-to-life for a murder does not raise

---

[2] The Supreme Court and Ninth Circuit have upheld life sentences for crimes less serious than murder. *See e.g., Ewing v. California*, 538 U.S. 11, 29-31 (2003) (upholding sentence of 25-years-to-life for recidivist convicted most recently of grand theft); *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (upholding sentence of two consecutive terms of 25-years-to-life for recidivist convicted most recently of two counts of petty theft with a prior conviction); *Harmelin*, 501 U.S. at 996 (upholding sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine); *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 439 (9th Cir. 2007) (upholding sentence of 25-years-to-life for the underlying offense of petty theft with a prior conviction after finding petitioner's criminal history was longer, more prolific, and more violent than the petitioner's in *Andrade*, who suffered a harsher sentence); *Taylor v. Lewis*, 460 F.3d 1093, 1101-02 (9th Cir. 2006) (finding no inference of gross disproportionality and upholding sentence of 25-years-to-life with possibility of parole for possession of .036 grams of cocaine base where petitioner served multiple prior prison

an inference of gross disproportionality, even if he is never granted parole and must spend his entire life in prison on that sentence.  Petitioner's continued incarceration is lawful under the terms of his life-maximum sentence.  *See United States v. McDougherty*, 920 F.2d 569, 576 (9th Cir.1990) (generally, "so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds").  There simply is not an Eighth Amendment violation on the facts of this case.

A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV.    CONCLUSION

The petition for writ of habeas corpus is **DISMISSED**.  The Clerk shall close the file.

IT IS SO ORDERED.

Dated: February 7, 2014

_____
EDWARD M. CHEN
United States District Judge

---

terms and his prior offenses involved violence and crimes against a person); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 508 (9th Cir. 1994) (sentence of ineligibility for parole for 40 years not grossly disproportionate when compared with gravity of sexual molestation offenses).